## In re CHANDLER.

## COMMERCIAL GERMAN NAT. BANK OF PEORIA COUNTY, ILL., v. BROOKS.

(Circuit Court of Appeals, Seventh Circuit.   January 3, 1911.)

No. 1,734.

1. BANKRUPTCY (§ 439*)—REVIEW—PETITION TO REVIEW AND REVISE.

Denial of an application by an individual creditor of a bankrupt member of a firm for an allowance of interest out of the individual estate subsequent to the allowance of his claim was reviewable on original petition to review and revise.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 439.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 351*) — PARTNERSHIP — INDIVIDUAL DEBTS — INTEREST — "DEBT."

Bankr. Act July 1, 1898, c. 541, § 5f, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3424), provides that the net proceeds of the partnership property shall be appropriated to the payment of partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts; that if any surplus remains of property of any partner, it shall be added to the partnership assets and be applied to the payment of partnership debts, and vice versa; section 1, par. 11, declares that the term "debt" means any debt, demand, or claim provable in bankruptcy; section 63a (1) declares that debts of the bankrupt may be proved and allowed against his estate which are a fixed liability, as evidenced by a judgment or an instrument in writing absolutely owing at the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date, or with a rebate of interest on such as were not then payable and did not bear interest; and section 63a (5) authorizes the allowance of provable debts reduced to judgment after the filing of the petition in bankruptcy, "less costs incurred and interest accrued after the filing of the petition and up to the time of the entry of such judgments." Held, that where the estate of an individual bankrupt partner was more than enough to pay his individual debts, but the individual estates of both partners and the partnership property was insufficient to pay partnership debts, the claim of an individual creditor for interest accruing after the filing of the bankruptcy petition was not a "debt" which the creditor was entitled to have paid out of the partner's individual assets as against partnership creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 351.*

For other definitions, see Words and Phrases, vol. 2, pp. 1864–1886; vol. 8, p. 7628.]

Petition to Review and to Revise an Order of the District Court of the United States for the Southern District of Illinois.

In the matter of the bankruptcy proceedings of Charles V. Chandler. From an order denying the petition of the Commercial German National Bank of Peoria County, Ill., for an allowance of interest out of the individual estate of Charles V. Chandler, on objections by Frank W. Brooks, trustee in bankruptcy of the individual estate of Chandler, the petitioner files a petition to review and revise.   Dismissed.

On June 7, 1907, an involuntary petition in bankruptcy was filed against Charles V. Chandler and Clara A. Chandler as partners and as individuals.

Adjudication followed accordingly, and Brooks was duly elected trustee of each of the three estates. The bank, petitioner herein, owner of a $10,000 note executed in September, 1906, by Charles V. Chandler alone, filed its claim against the individual estate of the maker for the principal and for $137.50 interest due on June 7, 1907. The claim was allowed as filed, and by November, 1909, the trustee had paid the bank $10,137.50.

In the individual estate of Charles V. Chandler, after 100 per cent. had been paid on all claims, including interest down to June 7, 1907, a considerable sum remained; but the assets of the partnership estate were inadequate to meet the partnership debts, and the addition of the unconsumed assets of the individual estates will not suffice to pay the partnership creditors in full.

The bank, in December, 1909, filed a petition in the District Court, setting out the foregoing facts, and asking payment from the individual estate of Charles V. Chandler of interest on the $10,000 note at 6 per cent., the contract rate, or at 5 per cent., the Illinois statutory rate in the absence of contract, from June 7, 1907, until payment should be made. This petition the District Court adjudged to be wanting in equity, and the ruling is assailed here by an original petition to review and revise. Respondent interposed a motion to dismiss for want of jurisdiction, which was presented in connection with the argument on the merits, and was denied on reference to Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, In re Friend, 134 Fed. 778, 67 C. C. A. 500, In re Janes, 133 Fed. 912, 67 C. C. A. 216, and Euclid Nat. Bank v. Union Trust Co., 149 Fed. 975, 79 C. C. A. 485.

Pinkney & McRoberts, for petitioner.

George T. Page, S. D. Wead, Jay T. Hunter, and John C. Scully, for respondent.

Before DAY, Circuit Justice, and GROSSCUP and BAKER, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). Shall a surplus in the individual estate of a bankrupt partner be used to pay interest on the claims of individual general creditors accruing after the filing of the petition in bankruptcy, or shall that surplus be added to the partnership fund, the estates as a whole being insolvent?

Section 5f of the bankruptcy act provides that:

"The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. Should any surplus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets and be applied to the payment of the partnership debts. Should any surplus of the partnership property remain after paying the partnership debts, such surplus shall be added to the assets of the individual partners in the proportion of their respective interests in the partnership." Act July 1, 1898, c. 541, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3424).

The contention of the bank is that interest, by the terms of the note, is as much a part of the "individual debt" as is the principal, and that "payment of individual debts" cannot be made by slighting the interest any more than it could by slighting the principal.

But the bankruptcy act furnishes its own terminology. "Debt," according to section 1, par. 11, means any "debt, demand, or claim provable in bankruptcy." Section 63a enumerates what debts, and section 63b what claims, may be proved and allowed. Proof and allowance of the note in question were governed by section 63a (1), which reads:

"Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest."

As a provable debt—that is, as a debt within the scope of the bankruptcy act—the note was limited to the principal and the interest thereon that would have been recoverable at the time of the filing of the petition in bankruptcy. The only other reference to interest is in section 63a (5), wherein authority is given for the allowance of provable debts reduced to judgments after the filing of the petition in bankruptcy, "less costs incurred and interests accrued after the filing of the petition and up to the time of the entry of such judgments." This requirement, like the stopping of interest and the rebating of unearned interest under section 63a (1), shows the legislative intent that all creditors having the right to share in the distribution of the bankrupt's property should be placed on an equal footing as of the date of the filing of the petition. Reverting now to section 5f, the conclusions seem clear that partnership creditors have a recognized right to look to the assets of the individual estates, that individual "debts" are satisfied under the bankrutpcy act by the payment thereof to the extent "proved and allowed," that this statutory limitation becomes by operation of law a part of the "instrument in writing" that evidences the debt, and that, therefore, any surplus that remains in an individual estate, after payment of individual debts as allowed, should be added to the partnership assets and be applied to the payment of the partnership debts. These conclusions should be read, of course, as applicable only to contests between individual and partnership creditors where, as here, the total net proceeds are inadequate to meet all the claims as allowed. What the equitable rights between the bank and Charles V. Chandler would be, if there were a surplus after payment of the partnership debts as allowed, is a question not involved.

No precedents under the present act have been adduced by counsel or found by us. But our holding accords with interpretations of similar provisions of the act of 1867 and of the English acts. In re Orne, Fed. Cas. No. 10,581; In re Haake, Fed. Cas. No. 5,883; Thomas v. Minot, 77 Mass. (10 Gray) 263; Ex parte Reeve, 9 Ves. Jr. 588.

The ruling of the District Court was right, and the petition to review and revise is therefore dismissed.